No. 05–1354 T
Honorable Mary Ellen Coster Williams

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BNSF Railway Company

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of Appendix A to the Rules of the United States Court of Federal Claims, the parties submit the following information:

## a. JURISDICTION

Plaintiff's Statement

Plaintiff asserts that the Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1346(a)(1).

Defendant's Statement

Defendant avers that jurisdiction, if it exists in this case, would be conferred by 28 U.S.C. § 1491. At this juncture, however, defendant cannot determine whether plaintiff has satisfied all

jurisdictional prerequisites in this action. The specific jurisdictional questions are whether the excise tax amounts claimed by plaintiff were actually paid and, if so, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties do not believe that this case should be consolidated with any other case before the Court of Federal Claims at this time.

c. BIFURCATION OF TRIAL

In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only and thereafter, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary computation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

There are two cases pending before the Court of Appeals for the Federal Circuit, America Online, Inc. v. United States, Fed. Cir. No. 05-5138, and Honeywell, Int'l. v. United States, Fed. Cir. No. 05-5145, which appear to concern the same substantive issues involved here. In each of these cases, the Court of Federal Claims ruled in favor of the plaintiff. At this juncture, however, the parties believe that it is sensible to continue with discovery in this case while those cases are on appeal. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties do not know of any other additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event that there are no jurisdictional issues, it appears that this case may be susceptible to resolution by summary judgment.

## h. ISSUES

Plaintiff's Statement

The specific substantive issue raised in this refund suit is whether the amounts paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

Defendant's Statement

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the periods in suit. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue is whether the amounts allegedly paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

## i. SETTLEMENT

At this juncture, defendant does not believe that this case is susceptible to settlement or ADR because a judicial determination of the issues involved here is important for the purposes of tax administration.

## j. TRIAL

At this juncture, the parties believe that the substantive issues in this case may be susceptible to resolution by summary judgment so that a trial will not be necessary.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

The parties do not know of any other information of which the court should be aware at this time.

PROPOSED DISCOVERY PLAN

The parties request an initial period for discovery of 120 days from the date the Court enters a discovery order in this case, after which the parties will file a status report to advise the Court of the progress of discovery.

Respectfully submitted,

s/George J. Marchese
GEORGE J. MARCHESE
JOSEPH A. BOYLE
PAUL L. KATTAS
JACOB J. MILES
Kelley Drye & Warren
101 Park Avenue
New York, New York 10178
(212) 808-7800

Dated: April 14, 2006

Attorney for Plaintiffs

s/Jacob Christensen
JACOB CHRISTENSEN
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0878

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

Dated: April 14, 2006

Attorneys for Defendant