**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **BNSF RAILWAY COMPANY**<br><br>**Plaintiff,**<br>**v.**<br><br>**UNITED STATES OF AMERICA**,<br><br>**Defendant.** | **No. 05-CV-01354-MCW**<br><br>**Judge Mary Ellen Coster Williams**<br><br>**Unopposed Motion for a Protective Order** |

Pursuant to RCFC 26(c)(7), Plaintiff BNSF Railway Company ("Plaintiff"), respectfully requests that this Unopposed Motion for a Protective Order be entered by this Court, for the purpose of preserving and maintaining the confidentiality of certain information that may be disclosed by Plaintiff in the course of this litigation.

In order to determine the amount of the overpayment of telephone excise taxes due to Plaintiff, Plaintiff must provide defendant United States of America ("Defendant") with Plaintiff's telecommunications agreements and documents that demonstrate that the tax was collected from Plaintiff. The rates, terms and conditions in the agreements and related documents are confidential and proprietary to Plaintiff and its telecommunications carriers.

Defendant United States has indicated that it does not object to this Unopposed Motion for a Protective Order.

Plaintiff wishes to prevent the disclosure of the following documents outside of this litigation:

1. AT&T Master Agreement [SDN, 800 private line, international private line, FRS, International Satellite Services, Local Channel, Conference Services], dated 10/30/2000;

and

2. AT&T Master Agreement [SDN OneNet, Toll Free, private line, FRS, International Satellite Services, Local Channel, Audio and Video Teleconference Services], dated 10/02/2001.

Plaintiff does not object to the disclosure of the aforementioned documents to any expert retained by Defendant for purposes of this litigation or to any Internal Revenue Service personnel who may assist Defendant for excise tax payment verification purposes.

Plaintiff may disclose additional documents, in which case Plaintiff will submit an additional motion for entry of a supplementary protective order, if those documents are deemed confidential and proprietary to Plaintiff and its telecommunications carriers.

Plaintiff shall mark "**CONFIDENTIAL"** on the above-referenced documents.

Plaintiff agrees that Defendant may object to the designation of any of the documents under the Protective Order. Should the parties be unable to resolve the objection informally, the objecting party may submit the dispute to the Court for resolution. Until the Court resolves the dispute, the disputed document(s) shall remain subject to the Protective Order.

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this Motion for a Protective Order.

Respectfully submitted,

**KELLEY DRYE & WARREN LLP**

By: s/Paul L. Kattas
Paul L. Kattas, Esq.
Jacob J. Miles, Esq.
Joseph A. Boyle, Esq.

**Attorneys for Plaintiff**
**BNSF Railway Company**